UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

QUINTEN R. FAISON,

                          Plaintiff,

      v.                                                                    9:22-CV-1346
                                                                                    (MAD/ML)

ONEIDA COUNTY, et al.,

                          Defendants.
_____

APPEARANCES:

QUINTEN R. FAISON
Plaintiff, Pro Se
21587
Oneida County Correctional Facility
6075 Judd Road
Oriskany, NY 13424

MAE A. D'AGOSTINO
United States District Judge

## DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiff Quinten R. Faison commenced this action by filing a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983"), together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl."); Dkt. No. 3 ("IFP Application").[1] By

---

[1] By Order entered on December 16, 2022, this action was administratively closed based on plaintiff's failure to comply with the filing fee requirement. Dkt. No. 2. Thereafter, plaintiff filed his IFP Application, and the Clerk was directed to re-open this action and restore it to the Court's active docket. Dkt. Nos. 3, 4. By Decision and Order entered on January 17, 2023, the IFP Application was denied as incomplete, and plaintiff was afforded thirty (30) days to either pay the filing fee in full or submit a completed inmate authorization form. Dkt. No. 5. Thereafter, plaintiff timely filed the inmate authorization form required in this District. Dkt. No. 6.

Decision and Order entered on March 6, 2023, plaintiff's IFP Application was granted, but following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court dismissed the complaint without prejudice as frivolous, and for failure to state a claim upon which relief may be granted or comply with the pleading requirements of Federal Rule of Civil Procedure 8.  Dkt. No. 7 ("March 2023 Order").  In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint.  *Id*. at 8-9.

Presently before the Court is plaintiff's amended complaint.  Dkt. No. 9 ("Am. Compl.").  Although the submission does not contain a list of parties or request for relief, out of an abundance of solicitude, the Court will address the sufficiency of the allegations set forth therein.

## II.     SUFFICIENCY OF THE AMENDED COMPLAINT

Because plaintiff is proceeding in forma pauperis and is an inmate suing one or more government employees, his amended complaint must be reviewed in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b).  The legal standard governing the review of a pleading pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the March 2023 Order and will not be restated herein.  *See* March 2023 Order at 2-4.

### A.     The Complaint and March 2023 Order

In his original complaint, plaintiff named an Oneida County Correctional Facility corrections officer and nurse as defendants, along with a bar tender and Oneida County. *See* Compl. at 1-3.  The complaint failed to include any allegations of wrongdoing by these individuals or the county, and otherwise included several incoherent allegations.  *See generally* Compl.

Following review of the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), plaintiff's Section 1983 claims were dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), 28 U.S.C. § 1915A(b)(1), and for failure to comply with the pleading requirements of Federal Rule of Civil Procedure 8.  *See* March 2023 Order at 6-10.

**B.     Review of the Amended Complaint**

The amended complaint alleges wrongdoing arising out of plaintiff's confinement at Oneida County Correctional Facility.  The following facts are set forth as alleged in the amended complaint.

On January 5, 2023, at approximately 8:40 p.m., an inmate named "Kevin" "attack[ed]" plaintiff, "cut[ting] [him] in the eye on [the] right side of [his] face" and "hit[ting] [him] in the temple on the left side of [his] face."  Am. Compl. at 3.  Approximately fifteen minutes later, plaintiff was attacked again by an inmate named "Frank".  *Id*.  During the second assault, plaintiff was "hit behind the ear[,]" but managed to "escape" and run away.  *Id*.  Plaintiff's assailant called him a derogatory slur, and expressed an intent to "make [plaintiff] sorry" for committing the crime that forms the basis of his current incarceration.  *Id*.

It appears from the amended complaint that "Officer Blawn" prepared a report relative to one or both of these incidents.  Am. Compl. at 3.  It is unclear whether or not plaintiff intended for this official to be named as a defendant or how, if at all, this person may have been involved in the alleged wrongdoing carried out by inmates "Kevin" and "Frank."[2]

**C.     Analysis**

---

[2] As noted, the amended complaint does not contain a parties section or request for relief.  In addition, there is no defendant named in the caption.

3

Rule 10(a) of the Federal Rules of Civil Procedure requires "the title of the complaint" to "name all the parties."  As other courts have noted, it is not the Court's place to add officials referenced in the body of the pleading to an action as defendants based on an assumption that plaintiff intended for such individuals to be parties.  *See, e.g., Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims").  In addition, Rule 8(a) of the Federal Rules of Civil Procedure expressly requires a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief" and "a demand for the relief sought[.]"

Because the amended complaint does not name any defendants in the caption or body of the document, does not explain how any official may have been involved in the alleged wrongdoing, and does not include a request for relief, the pleading runs afoul of Rules 8 and 10, and fails to state a claim upon which relief may be granted.  Accordingly, the amended complaint is dismissed without pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), 28 U.S.C. § 1915A(b)(1), and for failure to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.  *See Mendes Da Costa v. Marcucilli*, 675 Fed. App'x 15, 17 (2d Cir. 2017) (affirming district court's dismissal of amended complaint "as frivolous and running afoul of Rule 8"); *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation.").

### D. Nature of the Dismissal

Although plaintiff was already afforded leave to amend his original complaint, the allegations in the amended complaint involve an event that was not discussed in the original complaint, and the Court is unable to "rule out any possibility" that an amended complaint might overcome the pleading deficiencies identified herein.  See *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  As a result, and in light of plaintiff's pro se status, the Court will afford him the opportunity to file a second amended complaint.

The Court, however, notes that the allegations in the amended complaint are based entirely on an event that occurred after the filing date of the original complaint.  In general, when a party seeks to amend a pleading in this fashion, that party must file a motion in accordance with Fed. R. Civ. P. 15(d), and the new allegations of wrongdoing must bear some relationship to the allegations of wrongdoing in the original pleading.  *See, e.g.*, *Amusement Indus. v. Stern*, No. 07-CV-11586, 2014 WL 4460393, at *13 (S.D.N.Y. Sept. 10, 2014) ("Courts regularly deny motions to amend where the moving party seeks to add claims involving collateral matters, based on different factual allegations and distinct legal theories, from the claims already at issue in a case."); *Mitchell v. Cuomo*, No. 17-CV-0892 (TJM/DJS), 2019 WL 1397195, at *3 (N.D.N.Y. Mar. 28, 2019) (adopting Magistrate Judge's recommendation to deny motion to supplement where "[t]he proposed First Amendment claims are neither related to nor pertain to the allegations in the operative pleading, thus providing a basis to deny amendment under Rule 15(d)"); *Beckett v. Inc. Vill. of Freeport*, No. 11-CV-2163, 2014 WL 1330557, at *6 (E.D.N.Y. Mar. 31, 2014) ("Supplemental pleadings are limited to subsequent events related to the claim or defense presented in the original pleading." (internal quotation marks omitted)); *Brooks v. Rock*, No. 11-CV-1171 (GLS/ATB),

2014 WL 1292232, at *3 (N.D.N.Y. Mar. 28, 2014) (denying motion to amend to add allegations of retaliation and failure to protect from alleged conspiracy, where the original facts occurred in 2011 and the proposed new facts occurred in 2013); *Smith v. Goord*, No. 04-CV-6432, 2007 WL 496371, at *3 (W.D.N.Y. Feb. 12, 2007) (denying motion to add claims against original and new defendants based on events occurring more than one year after the original alleged events).

Allowing a plaintiff to add unrelated supplemental allegations of wrongdoing to a complaint that has been dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(b) -- instead of commencing a new action -- is particularly problematic because doing so in essence allows that plaintiff to potentially avoid incurring at least one "strike" under 28 U.S.C. § 1915(g).[3] *See, e.g., White v. Tatro*, No. 9:15-CV-1489 (BKS/ATB), 2016 WL 7735757, at *3 (N.D.N.Y. Nov. 28, 2016) ("[T]he court notes that the first 'amended complaint' that plaintiff attempted to file on November 16, 2015 (Dkt. No. 24 in 14-CV-1547) bears no resemblance to the original complaint (Dkt. No. 1) that he filed in 14-CV-1547 and bears no resemblance to the complaint that he later submitted as Dkt. No. 26 in 14-CV-1547. The complaints all sue different defendants, regarding different incidents, which occurred in different years. Plaintiff was clearly attempting to abuse the court's leniency toward pro se litigants by filing proposed amended complaints that were completely unrelated to the original complaint that was dismissed for failure to state a claim."), *report and recommendation adopted by* 2017 WL 120949 (N.D.N.Y. Jan. 12, 2017).

---

[3] The statute prohibits an incarcerated individual from proceeding in forma pauperis and without prepayment of the filing fee "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

In light of the general incoherent nature of the allegations in the original complaint, it is unclear whether (and if so, how) the allegations in the amended complaint relate to the allegations in the original complaint, i.e., supplement that pleading. Thus, plaintiff is advised that any amended complaint that he files must include allegations of wrongdoing based on events that occurred during the time period described in the original complaint, i.e., must be consistent with, albeit more detailed than, the allegations that formed the basis for this action. To the extent that the amended complaint also includes supplemental allegations of wrongdoing based on events that occurred after the filing date of the original complaint, the amended complaint must include allegations explaining how such wrongdoing relates to the wrongdoing that occurred prior to the filing date of the original complaint.

Any such amended complaint, which shall supersede and replace in its entirety the previous pleadings filed by plaintiff, must also bear his original signature, and must contain a caption that clearly identifies, by name, each individual that plaintiff is suing in the present lawsuit, with the case number assigned to this action. The body of plaintiff's amended complaint must set forth a short and plain statement of the facts he relies on in support of his claim that the individual named as a defendant engaged in misconduct or wrongdoing that violated his constitutional rights.

Plaintiff is forewarned that if he fails to submit an amended complaint within thirty (30) days of the filing date of this Decision and Order, the Court will, without further order, dismiss this action without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted, as well as for failure to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure.

### III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the amended complaint is accepted for filing and is the operative pleading; and it is further

**ORDERED** that plaintiff's Section 1983 claims are **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted, and for failure to comply with the pleading requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure; and it is further

**ORDERED** that if plaintiff wishes to proceed with this action he must file a second amended complaint **within thirty (30) days** of the filing date of this Decision and Order as set forth above; and it is further

**ORDERED** that upon the filing of a second amended complaint as directed above, the Clerk shall return the file to this Court for further review; and it is further

**ORDERED** that in the event plaintiff fails to file a signed second amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall enter judgment dismissing this action without prejudice for failure to state a claim upon which relief may be granted, and for failure to comply with the terms of this Decision and Order; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this

action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions. All motions will be decided on submitted papers without oral argument unless otherwise ordered by the Court. Plaintiff is required to promptly notify the Clerk's Office and all parties or their counsel of any change in his address; plaintiff's failure to do so may result in the dismissal of this action; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED.**

Dated: May 5, 2023
Albany, NY

_____
Mae A. D'Agostino
U.S. District Judge